UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JULIAN CAGGIANO,

                              Petitioner,

        v.                                                     9:18-CV-1043
                                                               (BKS)
CHRISTOPHER MILLER, Superintendent[1],

                              Respondent.

_____

APPEARANCES:                                    OF COUNSEL:

JULIAN CAGGIANO
Petitioner pro se
501 12th Street
Apt #4L
Brooklyn, NY 11215

HON. LETITIA JAMES                              LISA E. FLEISCHMANN, ESQ.
Attorney for Respondent                         Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

I.      **INTRODUCTION**

        Petitioner Julian Caggiano filed this petition for a writ of habeas corpus pursuant to 28

---

[1] On November 19, 2018, petitioner was released from New York State Department of Corrections and Community Supervision ("DOCCS") custody to that of the New York State Division of Parole. *See* DOCCS, Inmate Population Information Search, *available at* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited April 16, 2019); *see also* Dkt. No. 5. The proper respondent for a habeas corpus action where the petitioner is released on conditions is "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency[.]" *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts advisory committee's note to 1976 Adoption Subdivision (b). In light of this technical error, the Clerk is directed to terminate the named respondent and substitute the known proper respondent, Tina Stanford, Chairwoman of the Board of Parole.

U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On September 5, 2018, this Court directed respondent to answer the petition. Dkt. No. 2. Respondent opposed the petition. Dkt. No. 6, Answer; Dkt. No. 6-1, Respondent's Memorandum of Law ("Resp. Memo."); Dkt. No. 7, State Court Records ("SCR"). On January 16, 2019, petitioner filed his reply. Dkt. No. 10 ("Traverse").

For the reasons that follow, petitioner's habeas petition is denied and dismissed.

## II.    RELEVANT BACKGROUND

Pursuant to an Ulster County grand jury indictment, petitioner was charged with eight counts of drug sale and possession and one count of possession of a weapon. SCR 138-41. On June 5, 2014, petitioner appeared, represented by two attorneys, at a plea haring. *Id.* at 142-202. Petitioner ultimately pled guilty to the fourth count, third degree criminal possession of a controlled substance, in satisfaction of the entire indictment. *Id.* at 186. Under the plea agreement, the petitioner agreed to waive his right to appeal and the Court agreed to impose a determinate term of five years in state prison with two years of post-release supervision. *Id.* at 168-70.

During the plea hearing, the court asked petitioner if "anyone anywhere made any other promise to [petitioner] to persuade . . . or induce [him] to plead guilty[.]" SCR at 171-72. The petitioner responded in the negative. *Id.* at 172. The court further probed, and petitioner again indicated that no one "in court or out of court . . . the DA, . . . a police officer, . . . either of [his] two attorneys, . . . th[e] court, . . . [no]one [has] made any other promises [or coerced or threatened petitioner.]" *Id.* at 172-73.

The court then asked petitioner about his satisfaction with his representation. SCR

2

173-74.  Specifically, the dialogue between the court and petitioner was as follows:

| THE COURT: | . . . the decision that you are making to plead guilty is one that your are making voluntarily? |
| [PETITIONER]: | Yes, Your Honor. |
| THE COURT: | And intelligently? |
| [PETITIONER]: | Yes, Your Honor. |
| THE COURT: | Have you had sufficient time to speak to your attorneys about this plea? |
| [PETITIONER]: | Definitely, Your Honor. |
| THE COURT: | Are you satisfied with their representation of you? |
| [PETITIONER]: | Oh, yes. |

*Id.* at 173.  Further, the court inquired about, and petitioner expressly agreed that, petitioner's attorneys had discussed the strengths and weaknesses of his case, as well as the advisability of entering a guilty plea versus taking the case to trial.  *Id.* at 173-74.

During the plea hearing, the court shared its inclination "not . . . to give [petitioner] youthful offender adjudication" despite counsel's application and the petitioner's age at the time of the crime.  SCR at 175.  The court also discussed the rights petitioner was giving up in exchange for his guilty plea.  *Id.* at 180-85.  Specifically, the court discussed that petitioner would be giving up his right to (1) a jury trial and the prosecutor having to prove petitioner's guilt beyond a reasonable doubt (*Id.* at 180-81); (2) cross-examine witnesses (*Id.* at 181); and (3) testify and present witnesses and evidence on his own behalf (*Id.*).

Additionally, the court discussed the fact that petitioner would also be required to waive his right to appeal.  SCR at 182-84.  Specifically, the dialogue between the two was as

3

follows:

| | |
|---|---|
| THE COURT: | . . . So, in short . . . if you believe what the District Attorney was alleging that you did didn't happen, it's not accurate, it's not true, if you believe your attorneys are not representing you to the best of their ability, if you believed that the police treated you unfairly, if you believed that your constitutional rights were violated by the seizure of property, if you believed your rights were violated during the course of an interview, if you believed this Court is not being fair to you, that the Court's sentence is too harsh, it's excessive for what you have done, if you have any arguments at all that you feel that you are being wronged about, you can take those arguments and any other arguments and take the appeal to the Appellate Division of the Third Department, a court above this court, and ask them to throw the case out, to dismiss it, to review it, to review your sentence. You have a right to do all of that; do you understand that, sir? |
| [PETITIONER]: | Yes, Your Honor. |
| THE COURT: | But for this Court to participate in this plea bargain you are going to have to give that right up also; do you understand that? |
| [PETITIONER]: | Yes, Your Honor. |
| THE COURT: | Do you understand once you give that right up it's gone forever? |
| [PETITIONER]: | Yes, Your Honor. |
| THE COURT: | You can't wake up tomorrow morning, a month from now, and say what did I just do, the sentence is unfair, I didn't do this, my attorneys didn't represent me. |
| | Once you give it up it can never come back again, that right to appeal; do you understand that? |

4

>    [PETITIONER]:     Yes, Your Honor.  I have had a long time to
>                      think about it before I made my decision.

*Id.* at 183-84.  Petitioner than signed the written waiver of appeal in open court, which

included the following language:

> I understand . . . that, in return for the court's promise to impose a
> particular sentence in my case, and/or in return for the prosecutor's
> consent to my plea, I am being asking to waive my right to appeal,
> and I voluntarily agree to do so.
>
> I also understand that my waiver of appeal will apply to all legal
> issues that can be waived under the law, including any issues
> regarding the effectiveness of my attorney prior to my guilty plea in
> this case; the fairness of any sentence the court imposes on me;
> any award of restitution or reparations made by the court; and any
> opinions, decisions, rulings, or orders issued by the court prior to
> my plea.

*Id.* at 184-85, 203.  The court accepted the executed waiver.  *Id.* at 185.

After entering his guilty plea, petitioner then allocated to the crime.  SCR at 186-94.

Petitioner admitted that he intended and actually did sell heroin on the day in question to the

individual he called on the phone, who happened to be an undercover agent.  *Id.* at 194.

On September 22, 2014, petitioner appeared, with his counsel, at a sentencing

hearing.  SCR at 206-46.  The court requested the hearing because information arose that

petitioner "[wa]s considered one of the major movers of heroin in Woodstock and

Saugerties[,] . . . had no regard for the law and mention[ed] it on his Facebook page[, and] . .

. ha[d] a loaded sawed-off shotgun next to him [at the time of his arrest.]" *Id.* at 206.

Petitioner admitted that all of the aforementioned information was true.  *Id.* at 215-18.  The

People opposed granting petitioner youthful offender status.  *Id.* at 219.  The court agreed: it

denied petitioner's application for youthful offender status relying upon (1) the nature of the

offense; (2) petitioner's admitted major role in dealing dangerous drugs for a profit; and (3)

5

petitioner admittedly possessing a dangerous weapon that put law enforcement and the community at risk. *Id.* at 241-45. The court then imposed the agreed-upon sentence, and sentenced petitioner to (1) a five year determinate term, (2) two years post-release supervision, and (3) pay restitution and various court surcharges and fees. *Id.* at 245-46.

Petitioner then filed a counseled appeal with the Third Department. SCR at 1-18. Petitioner argued that (1) the trial court erred denying petitioner youthful offender status and (2) petitioner's sentence was harsh and excessive. *Id.* The People opposed the motion. *Id.* at 108-31. The Third Department affirmed the conviction. *People v. Caggiano*, 150 A.D.3d 1335, 1336 (3rd Dep't 2017). Specifically, it determined petitioner

> d[id] not challenge the validity of his appeal waiver, and the plea
> colloquy and the written waiver demonstrate that [petitioner]
> knowingly, intelligently, and voluntarily waived the right to appeal
> his conviction and sentence. . . . [Petitioner's] valid waiver of appeal
> precludes his contentions that County Court abused its discretion in
> denying him youthful offender status and that the sentence
> imposed was harsh and excessive[.]

*Id.* (citations omitted). Petitioner sought leave to appeal the decision to the New York State Court of Appeals. SCR 250-52. The People opposed the application. *Id.* at 253-56. On August 16, 2017, the Court of Appeals denied leave to appeal. *Id.* at 257; *People v. Caggiano*, 29 N.Y.3d 1124 (2017).

## III.    PRESENT PETITION

Petitioner contends that he is entitled to federal habeas relief because (1) the trial court erred denying petitioner youthful offender status and (2) petitioner's sentence was harsh and excessive. Pet. at 3, 5, 7.[2] Specifically, petitioner argues that his arrest as an

---

[2] With the exception of the State Court Record, which is consecutively paginated, citations to the parties' other filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

addict, with no criminal record, made him a "prime candidate for Youthful Offender

Treatment;" accordingly, the denial of such was erroneous.  *Id.* at 5.  Further, petitioner

contends that his lack of criminal history and proffered mitigating circumstances should have

resulted in a reduction in his sentence.  *Id.* at 7.

Respondent opposes the petition arguing that (1) neither claim is cognizable on

habeas review; (2) petitioner's claims are unexhausted and procedurally barred; and (3)

petitioner's valid appeal waiver precludes further consideration of the present claims.  Resp.

Memo. at 9-18.

Petitioner filed a reply, contending that (1) he never sold drugs to the undercover

officer; (2) the items retrieved from the home in question, including drugs and the sawed-off

shotgun, did not belong to petitioner; (3) law enforcement lied to petitioner, "manipulat[ing]

and pressur[ing him] to confess" which led to petitioner "admitt[ing] to several things . . .

during the interview [where] he was confused, frightened and under the influence of heroin

withdrawal and without counsel[;]" and (4) petitioner's plea and waiver of appeal were not

knowing.  Traverse at 3-6.  Further, petitioner contends that while "he made poor and

punishable choices," he was "the perfect candidate to receive a Y.O. status[.]" *Id.* at 7.

Ultimately, "[p]etitioner understands that he waived his right to an appeal of the verdict, but

today he appeals to the Court for a Y.O., which he believes is his constitutional right to do."

*Id.* at 9.  Petitioner further asserted conclusory arguments that his claims were neither

unexhausted nor noncognizable, and, similarly, that such claims should not be barred by the

appeal waiver he signed.  *Id.* at 10-12.

## IV.    DISCUSSION

### A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 180-81, 185 (2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'"  *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, the AEDPA foreclosed "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 567 U.S. 37, 38 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779). A state court's findings are not unreasonable under §2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro*, 550 U.S. at 473.

Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "clear and convincing evidence." *Schriro*, 550 U.S. at 473-74 (quoting 28 U.S.C. § 2254(e)(1)). "A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis v. Conn. Comm'r of Corr*., 790 F.3d 109, 121 (2d Cir. 2015) (internal quotation marks omitted). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

### B. Non-Cognizable Claims[3]

Respondent correctly argues that neither of petitioner's claims – the alleged erroneous denial of petitioner's youthful offender status or harsh and excessive sentence imposed upon

---

[3] Respondent also argues that petitioner's sentencing claims are unexhausted and procedurally defaulted because they were not fairly presented to the state court, either at all or in federal constitutional terms. Resp. Memo. at 12-14. Because the sentencing claims are not cognizable and are being denied on that ground, the Court declines to address these additional grounds for dismissal.

petitioner – provide a basis for habeas relief.

Petitioner's claim that his sentence is harsh and excessive fails because "no federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Mayerhofer v. Bennett*, No. 9:02-CV-0074 (LEK/VEB), 2007 WL 1624767, at *7 (N.D.N.Y. June 6, 2007) (same); *Taylor v. Connelly*, 18 F. Supp. 3d 242, 268 (E.D.N.Y. 2014) ("An excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law.").

Petitioner essentially argues that his sentence was harsh and excessive because it was more than what he expected to receive. Pet. at 7; Traverse at 6. Petitioner pled guilty to third degree criminal possession of a controlled substance, a class B felony. N.Y. PENAL LAW § 220.16. Petitioner was sentenced to a five year determinate term and two years of supervised release. SCR at 245-46. However, the trial court was authorized to impose a determinate prison term of at least one but not more than nine years and a period of probation of three to five years. N.Y. PENAL LAW §§ 65.00(3), 70.70(2)(a)(I). Petitioner's sentence is only unconstitutional if it falls outside the range prescribed by state law. *White,* 969 F.2d at 1383. It did not.

The same is true of petitioner's claim that the trial court erred in denying his youthful offender status. The United States Constitution "'grants no independent due process right either to youthful offender treatment or to any particular procedure for denying it, as long as the trial judge imposed a sentence that was lawful under state law." *Mobley v. Zenzen*, No. 9:15-CV-1001, 2016 WL 1049007, at *9 (N.D.N.Y. Mar. 11, 2016) (citations omitted). For the reasons stated above, the sentence imposed upon petitioner is lawful under New York law.

10

"Therefore, the trial court's refusal to adjudicate [p]etitioner as a youthful offender does not present a federal constitutional issue." *Id.* (citations omitted).

Accordingly, petitioner is not entitled to habeas relief on these claims.

### C.     Independent and Adequate State Law Grounds

The Third Department affirmed petitioner's conviction holding that the "valid waiver of appeal preclude[d petitioner's] contentions that the County Court abused its discretion in denying him youthful offender status and that the sentence was harsh and excessive." *Caggiano*, 150 A.D.3d at 1336. Respondent contends that petitioner's present claims are similarly barred by this finding. Resp. Memo. at 14-18. Petitioner argues, without any legal justification, that his claims should not be procedurally barred by his appeal waiver. Traverse at 11-12.

Substantive review of a habeas claim is prohibited if the state court rested its decision on "'a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). To qualify as an "adequate" ground, the state rule must be "firmly established and regularly followed." *Id.* at 316 (quotation marks and citation omitted); *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (explaining that habeas review of a state court's application of its own rules is deferential and is focused on whether the challenged ruling "falls within the state's usual practice and is justified by legitimate state interests, not whether the state court ruling was correct."). A rule can be firmly established and regularly followed "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Kindler*, 558 U.S. at 61.

11

Here, the Third Department's "express invocation of petitioner's appeal waiver to dispose of his sentencing . . . claim[s acts as an independent and adequate state ground which] bars federal habeas review." *Smith v. Martuscello*, No. 9:15-CV-0059 (TJM), 2016 WL 75077, at *6 (N.D.N.Y. Jan. 6, 2016) (citing *inter alia Gilliam v. Superintendent*, No. 9:13-CV-0788 (DNH/ATB), 2015 WL 114344, at *9 (N.D.N.Y. Jan. 8, 2015) ("The Fourth Department's denial of petitioner's appeal, based on the waiver of his right to appeal, approved during his plea colloquy and formalized in writing at the time of sentencing, also bars consideration of all of petitioner's habeas claims[.]"); *Burvick v. Brown*, No. 2:10-CV-5597, 2013 WL 3441176, at *6 (E.D.N.Y. Jul. 9, 2013) ("Federal courts have held that New York law allowing defendants to waive their right to appeal as part of a plea agreement, as long as the waiver is made voluntarily and is knowing and intelligent, is an adequate and independent state ground that bars habeas review, and this Court agrees with those decisions."); *Haynes v. New York*, No. 2:10-CV-5867, 2012 W L 6675121, at *8 (E.D.N.Y. Dec. 21, 2012) ("When a state court relies on an independent and adequate state law ground – such as, in this case, a valid waiver of right to appeal – federal habeas review is denied."); *Alvarez v. Yelich*, No. 2:09-CV-1343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief.") (collecting cases)).

In "exceptional cases," the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534

U.S. 362, 376 (2002); *see Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003) (quoting *Lee*,

534 U.S. at 376).[4]  However,

> New York courts regularly rely on appeal waivers to preclude
> appellate review of claims challenging the procedures used to
> determine a sentence and claims that a negotiated sentence is
> harsh or excessive, as long as the claims do not "implicate the
> legality of the sentence or the court's power to impose it." *People v.
> Rahim*, 78 A.D.3d 1240, 1241 (3d Dep't. 2010) (citing *People v.
> Callahan*, 80 N.Y.2d 273, 280-81 (1992)); *see People v. Ramos*, 7
> N.Y.3d 737, 738 (2006); *People v. Lopez*, 6 N.Y.3d 248, 255-56
> (2006); *People v. Seaberg*, 74 N.Y.2d 1, 7-9 (1989); *People v.
> Taubenkraut*, 48 A.D.3d 598 (2d Dep't. 2008).  The Appellate
> Division's reliance upon petitioner's appeal waiver also furthered the
> state's legitimate interests in ensuring "fairness and finality in
> criminal matters," and "the desirable objective of prompt, effective
> resolution of criminal litigation." *Lopez*, 6 N.Y.3d at 255-56.

*Smith*, 2016 WL 75077, at *5.  Therefore, petitioner's cause of action is not appropriately

classified as an exceptional case.

Procedurally defaulted claims are not subject to habeas review unless a petitioner

shows cause for the default and actual resulting prejudice, or that the denial of habeas relief

would result in a fundamental miscarriage of justice, i.e., that he or she is actually innocent.

*House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995);

*Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014); *see Dunham v. Travis*, 313 F.3d 724,

730 (2d Cir. 2002) ("'[A]ctual innocence' means factual innocence, not mere legal

insufficiency.") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  To establish

---

[4]  In determining whether the application of an independent state rule was "exorbitant," the court should consider: (1) whether the alleged procedural violation was actually relied upon by the trial court and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law required compliance with the rule in the specific circumstances; and (3) whether petitioner had "substantially complied" with the rule given the "realities of trial," and whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007) (quoting *Cotto,* 331 F.3d at 240). The *Cotto* factors are not all determinative, but are a guide to evaluate the state's interest in a particular rule in the circumstances of a particular case.  *Id.* at 714.  The Court has considered these factors in concluding that the procedural bar was not exorbitant in this case.

cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Here, the petition fails to identify any cause for petitioner's default, and he does not argue that he is actually innocent. In petitioner's Traverse, he attempts to amend his petition, to raise new allegations including *inter alia* that his plea was not knowing or intelligent based on the failure of his counsel. Traverse at 5-6.[5] However, petitioner never raised either of these claims before the state courts. Accordingly, "the Court cannot consider them on their merits or as cause and prejudice to overcome the procedural default[.]" *Sanchez v. Green*, No. 1:02-CV-4803, 2003 WL 132538, at *3 (S.D.N.Y. Jan. 16, 2003); *see also Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for procedural default.") (internal citations omitted). Furthermore, to the extent petitioner now denies the actions to which he previously allocuted – that he did not sell any drugs and the gun was not his – such contentions are unavailing because no evidence of actual innocence has been produced, only conclusory and

---

[5] Additionally, the Court would refuse any requests to amend the petition, given the procedural posture of these proceedings, because amendment would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (allowing a court to deny a motion to amend were the proposed amendment would be futile); *Carr v. Graham*, 27 F. Supp. 3d 363, 364 (W.D.N.Y. 2014) ("it would be futile to grant Petitioner's request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief.").

14

unsupported assertions.  Traverse at 3.  Because cause was not established, no discussion of prejudice is necessary.

Thus, there is nothing that can save petitioner's procedurally defaulted claim: habeas relief is precluded.

## V.      CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is respectfully directed to terminate the named respondent and substitute the proper superintendent; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  April 25, 2019

Brenda K. Sannes
U.S. District Judge

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

15